

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

September 15, 1993

Honorable John A. Sickel
Criminal District Attorney
Van Zandt County
202 North Capitol Street
Canton, Texas 75103

Opinion No. DM-257

Re: Whether section 140.003 of the Local Government Code requires a specialized local entity to deposit its funds in the county's bank account or permits the specialized local entity to deposit its funds in its own bank account in the county's depository bank, and related questions (RQ-547)

Dear Mr. Sickel:

You have requested that we answer several questions posed by your county auditor regarding the operation of section 140.003, subsections (f) and (g), of the Local Government Code. Section 140.003 provides in pertinent part as follows:

(a) In this section, "specialized local entity" means:

(1) a district or criminal district attorney;

(2) a juvenile board, juvenile probation office, or juvenile department established for one or more counties; or

(3) an adult probation office or department established for a judicial district.

. . . .

(f) Each specialized local entity shall deposit in the county treasury of the county in which the entity has jurisdiction the funds the entity receives. The county shall hold, deposit, disburse, invest, and otherwise care for the funds on behalf of the specialized local entity as the entity directs. If a specialized local entity has jurisdiction in more than one county, the district judges having jurisdiction in those counties, by a majority vote, shall designate from among those counties the county responsible for managing the entity's funds.

(g) The county auditor, if any, of the county that manages a specialized local entity's funds has the same authority to audit the funds of the entity that the auditor has with regard to county funds.

The county auditor first asks about the meaning of *deposit in the county treasury* as that phrase is used in subsection (f):

> (1) Does "deposit in the county treasury" mean deposit in the county bank account?  In considering this question, please bear in mind that the county accounting system is capable of accounting for separate funds even though they are actually deposited in one bank account.  All of the county funds are now in one bank account but in our accounting system there are separate funds (accounts) for the general fund, the four road and bridge funds, and several other funds.  The funds are commingled at the bank but not in our records.

You note that the county auditor apparently is concerned specifically with the funds of the local adult probation department, which is a state agency.  In a separate letter to our office on this matter, the county auditor writes us that "specialized local entities typically guard their presumed right to maintain a separate bank account(s) and accounting systems so long as their bank account is in the bank designated as the county depository."

In Attorney General Opinion DM-162 we concluded that article 59.06 of the Code of Criminal Procedure, in directing that certain forfeited property received by a county's felony prosecutor or law enforcement agency be deposited in "a special fund in the county treasury," means that such property must be deposited with the county treasurer for placement in the county depository.  Attorney General Opinion DM-162 (1992) at 4.  Part of our rationale for that conclusion was that the plain language of article 59.06,[1] specifically the use of the same phrase *a special fund in the county treasury* in subsection (c)(1) regarding funds of "the attorney representing the *state*" (emphasis added) and in subsection (c)(3) regarding funds of a "*county* law enforcement agency" (emphasis added), indicates that such forfeited property must be deposited in the manner in which section

---

[1]Article 59.06 of the Code of Criminal Procedure provides in pertinent part:

> (c) If a local agreement exists between the attorney representing the state and law enforcement agencies, all money, securities, negotiable instruments, stocks or bonds, or things of value, or proceeds from the sale of those items, shall be deposited according to the terms of the agreement into one or more of the following funds:

> (1) a special fund in the county treasury for the benefit of the office of the attorney representing the state, to be used by the attorney solely for the official purposes of his office;

> . . . ; [or]

> (3) a special fund in the county treasury if distributed to a county law enforcement agency, to be used solely for law enforcement purposes.

113.021 of the Local Government Code[2] requires "money belonging to a county" to be deposited, regardless of whether the property has the character of county funds. *Id.* at 2-3. Furthermore, we noted, "other provisions of state law requiring the deposit of funds in the county depository are not limited in their reach to specifically 'county funds' or county officers." *Id.* at 3. We cited as examples sections 116.002 and 140.003 of the Local Government Code and article 103.004 of the Code of Criminal Procedure. *Id.* The final reason for our decision in Attorney General Opinion DM-162 was our reluctance to construe article 59.06 to allow forfeiture funds to be deposited without the protection of the bonds or other security that section 116.002 of the Local Government Code requires of the depository of the county treasury. *Id.*

The foregoing reasoning of Attorney General Opinion DM-162 applies with equal force to your auditor's question regarding section 140.003 of the Local Government Code. The plain language specifies "deposit in the county treasury," not "deposit in the bank that is the depository of the county treasury." The language applies to all "specialized local entities," even adult probation departments. Furthermore, section 140.003 is not unique in requiring the deposit in the county depository of funds that are not necessarily "county funds."

Finally, we believe that funds received by an adult probation department are "money collected or held by a district . . . officer in a county" for the purposes of section 116.002 of the Local Government Code[3] and therefore must be protected by the county depository's bond. Section 491.001 of the Government Code defines *adult probation department* as "a community supervision and corrections department established under Article 42.131, Code of Criminal Procedure." Article 42.131, section 2, of the Code of Criminal Procedure requires the district judge or judges of each judicial district to "establish a community supervision and corrections department and employ district personnel as may be necessary" to staff the department. The personnel of an adult probation department, therefore, are employees of the district judge or judges and

---

[2]Section 113.021 of the Local Government Code provides in part:

> (a) The fees, commissions, funds, and other money belonging to a county shall be deposited with the county treasurer by the officer who collects the money. The officer must deposit the money in accordance with any applicable procedures prescribed by or under Section 112.001 or 112.002. . . .

> (b) The county treasurer shall deposit the money in the county depository in a special fund to the credit of the officer who collected the money. . . .

[3]Section 116.002 of the Local Government Code provides in part:

> (a) This chapter applies to money collected or held by a district, county, or precinct officer in a county and by the officers of a defined district or subdivision in the county, including the funds of a municipal or quasi-municipal subdivision or corporation that has the power to select its own depository but has not done so. The money shall be deposited under this chapter, and the money shall be considered in fixing, and is protected by, a county depository's bond.

accordingly act as agents for the judge(s) as "district officer(s)" in collecting and holding money in a county. We are as reluctant here as we were in Attorney General Opinion DM-162 to reach a conclusion that would allow public funds to be deposited without the protection of the bonds or other security that section 116.002 of the Local Government Code requires of the depository of the county treasury.

For the foregoing reasons, we conclude that section 140.003 of the Local Government Code, in directing an adult probation office, as a "specialized local entity," to deposit the funds it receives "in the county treasury of the county in which the entity has jurisdiction," means that such funds must be deposited with the county treasurer for placement in the county depository. Whether the county treasurer should maintain the county treasury in segregated bank accounts is a question of sound banking and accounting practices rather than of legal prescription under section 140.003.

Your county auditor next asks whether the phrase "the funds the entity receives," as used in section 140.003, means all funds from any source. We believe the phrase plainly indicates the broad intendment of any and all funds the entity receives.[4] We are not aware of any law that excludes a specific fund of a specialized local entity from the application of section 140.003. In the absence of such a law, section 140.003 requires all funds of a specialized local entity to be deposited in the county treasury.

Your county auditor next asks:

(3) Does "hold, deposit, disburse, invest, and otherwise care for the funds" [as used in subsection (f) of section 140.003] mean that the county is to use the same accounting procedures for the specialized local entity funds that it does for county funds? For example, is the county auditor required to countersign a check or warrant as provided in Section 113.043, L[ocal] G[overnment] C[ode]? Is the county auditor responsible for monitoring the budget for these funds as he/she is for county funds? (See Section 111.092 LGC [.])

As we noted in Attorney General Opinion DM-247 (1993) at 7-8, "the phrase 'otherwise care for' [as used in subsection (f) of section 140.003] strongly indicates that the legislature intended a broad application of the various statutory county financial

---

[4]Article 42.131 of the Code of Criminal Procedure provides that a "community supervision and corrections department" (which encompasses the meaning of an adult probation department, Gov't Code § 491.001(b)(2)) "may accept state aid and grants and gifts from any source," Code Crim. Proc. art. 42.131, § 7; that the county or counties within the judicial district served by such a department must provide minimum support for the "facilities, equipment, and utilities" used by the department, *id.* § 8; and that "[t]he district judge or judges may expend district funds in order to provide expanded facilities, equipment, and utilities" for the department in certain circumstances, *id.* § 9(a).

requirements to the funds of specialized local entities."[5]   The legislative history of that statute also indicates that the legislature intended the language to place the same accounting responsibilities on the funds of probation departments, among other entities, as are applied to county finances.[6]   We therefore conclude that section 140.003, subsection (f), incorporates the requirements of sections 111.092[7] and 113.043[8] of the Local Government Code and makes them generally[9] applicable to payments made by specialized local entities.   *Cf.* Local Gov't Code § 116.002 (warrants, checks, and vouchers evidencing "money collected or held by a district . . . officer" and deposited in county depository are "subject to audit and countersignature as provided by law").

In his last question, your county auditor asks whether subsection (g) of section 140.003 makes the county auditor *responsible* for prescribing accounting procedures for a specialized local entity (we assume the reference is to sections 112.001 and 112.002 of the

---

[5]In that opinion we concluded that section 140.003, subsection (f), makes applicable to the forfeiture-fund transactions of district and criminal district attorneys under chapter 59 of the Code of Criminal Procedure the county auditor's record-keeping requirements of sections 112.005 and 112.007 of the Local Government Code.   Attorney General Opinion DM-247, at 8.

[6]The senate sponsor of the bill enacting section 140.003 explained the legislative intent as follows:

> [T]he bill provides some tightening up of the accounting and handling of certain specialized funds that exist in our counties.   The district attorney's fund, the juvenile board, probation department—these people all have fee incomes that go into funds, and they are not required under existing law to comply with the competitive-bidding statutes, to comply with the same kind of accountability that is applied to the county treasury and the county commissioners.   And this simply places some accounting and purchasing responsibilities to get a little bit of accountability into those public funds.

Hearings on H.B. 1434 Before the Senate Intergovernmental Rel. Comm., 71st Leg. (May 25, 1989) (statement of Senator Parmer) (tape recording available from Senate Staff Services).

[7]Section 111.092, Local Government Code, provides: "The county auditor shall oversee the warrant process to ensure that the expenses of any department do not exceed the budget appropriations for that department."

[8]Section 113.043, Local Government Code, provides in part: "In a county with a county auditor, the county treasurer and the county depository may not pay a check or warrant unless it is countersigned by the county auditor to validate it as a proper and budgeted item of expenditure."

[9]We concluded in Attorney General Opinion DM-247, at 4-6, that forfeiture fund transactions under chapter 59 of the Code of Criminal Procedure are not subject to the countersignature requirement of section 113.043.   We do not consider here any other possible exceptions to the applicability of sections 111.092 and 113.043 to payments by specialized local entities.

Local Government Code)[10] and for determining whether a proposed expenditure of a specialized local entity is for a legal purpose (under section 112.006 of the Local Government Code),[11] or whether the section merely *permits* the auditor to exercise those functions if he or she chooses to. Subsection (g) speaks only of the "authority *to audit*" (emphasis added) and thus might be read to mean only the function of examining the accounts of a specialized local entity. We believe, however, that subsection (g) should be read in conjunction with the requirement in subsection (f) that the county "care for the funds on behalf of the specialized local entity as the entity directs."[12] The meaning is broader when both are read together and encompasses the other statutory functions of the county auditor. This construction of subsection (g) is consistent with the aforementioned

---

[10]Section 112.001 of the Local Government Code provides:

> In a county with a population of less than 190,000, the county auditor may adopt and enforce regulations, not inconsistent with law or with a rule adopted under Section 112.003, that the auditor considers necessary for the speedy and proper collecting, checking, and accounting of the revenues and other funds and fees that belong to the county.

Section 112.002 of the Local Government Code provides:

> (a) In a county with a population of 190,000 or more, the county auditor shall prescribe the system of accounting for the county.

> (b) The county auditor may adopt and enforce regulations, not inconsistent with law or with a rule adopted under Section 112.003, that the auditor considers necessary for the speedy and proper collecting, checking, and accounting of the revenues and other funds and fees that belong to the county or to a person for whom a district clerk, district attorney, county officer, or precinct officer has made a collection or for whose use or benefit the officer holds or has received funds.

[11]Section 112.006 of the Local Government Code provides:

> (a) The county auditor has general oversight of the books and records of a county, district, or state officer authorized or required by law to receive or collect money or other property that is intended for the use of the county or that belongs to the county.

> (b) The county auditor shall see to the strict enforcement of the law governing county finances.

[12]It might be argued that the inclusion in subsection (f) of the phrase *as the entity directs* indicates the legislature's intent that the specialized local entity may control the extent to which it is subjected to financial management by the county treasurer and the county auditor. We believe such an interpretation of the provision would undercut one of the apparent purposes of section 140.003, which is to strengthen the county's oversight of the funds of specialized local entities. Such an interpretation also would conflict with the legislative history of the provision. *See supra* note 6. In our opinion, the phrase merely clarifies that the specialized local entity does not lose whatever discretion or prerogative is granted to it under other applicable law concerning its use of funds; it merely must handle its funds and account for its expenditures within the record-keeping and audit constraints provided by section 140.003.

legislative history of the statute.[13]  We conclude first, then, that subsection (g) at least *authorizes* the county auditor to prescribe accounting procedures for a specialized local entity and to determine whether a proposed expenditure of a specialized local entity is for a legal purpose.

Subsection (g) provides that "[t]he county auditor . . . has the *same authority* to audit the funds of the entity that the auditor has with regard to county funds [emphasis added]," but does not mention any *obligation* to exercise the auditor's statutory functions. It therefore is appropriate to look at sections 112.001, 112.002 and 112.006 to see whether the authority granted in those statutes is mandatory or permissive.  Section 112.006 uses the mandatory word *shall* in regard to the authority of the auditor to oversee the legal propriety of expenditures.  On the other hand, section 112.001 uses no mandatory language and section 112.002 uses the word *shall* only in regard to the accounting system "for the county," *id.* § 112.002(a),[14] and uses the permissive *may* in regard to the auditor's authority to implement an accounting system for funds, including noncounty funds, held by a district clerk or district attorney, among others, *id.* § 112.002(b).[15]

We believe the legislature intended by subsections (f) and (g) to incorporate sections 112.001 or 112.002 and 112.006 and to make them applicable to specialized local entities.  We therefore conclude that subsections (f) and (g) of section 140.003 generally[16] require the county auditor, pursuant to section 112.006, to determine whether a proposed expenditure of a specialized local entity is for a legal purpose to the same extent that the auditor is similarly responsible with respect to county finances.  We further conclude that subsections (f) and (g) generally[17] permit but do not require the county auditor, pursuant

---

[13]*See supra* note 6 and accompanying text.

[14]*See supra* note 10.

[15]Section 112.002, Local Government Code, subsection (b), provides:

> The county auditor may adopt and enforce regulations, not inconsistent with law or with a rule adopted under Section 112.003, that the auditor considers necessary for the speedy and proper collecting, checking, and accounting of the revenues and other funds and fees that belong to the county or to a person for whom a district clerk, district attorney, county officer, or precinct officer has made a collection or for whose use or benefit the officer holds or has received funds.

[16]We do not consider here the possible exceptions to the applicability of section 112.006 to payments by specialized local entities.  *Cf.* Attorney General Opinion DM-247 at 4-6 (forfeiture fund transactions under chapter 59 of Code of Criminal Procedure are not subject to countersignature requirement of section 113.043).

[17]We do not consider here the possible exceptions to the applicability of section 112.001 or 112.002 to payments by specialized local entities.  *Cf. id.*

to section 112.001 or 112.002, to prescribe accounting procedures for a specialized local entity.

## S U M M A R Y

Section 140.003 of the Local Government Code, in directing an adult probation office, as a "specialized local entity," to deposit the funds it receives "in the county treasury of the county in which the entity has jurisdiction," means that such funds must be deposited with the county treasurer for placement in the county depository. The phrase "the funds the entity receives," as used in section 140.003, subsection (f), means all funds from any source (except for any specific fund regarding which there may be a provision of law to the contrary).

Section 140.003, subsection (f), incorporates the requirements of sections 111.092 (regarding county auditor's budgetary oversight of warrant process) and 113.043 (prohibiting payment on check or warrant not countersigned by county auditor) of the Local Government Code and makes them generally applicable to payments made by specialized local entities.

Subsections (f) and (g) of section 140.003 incorporate sections 112.001 or 112.002 (regarding the county auditor's authority to prescribe an accounting system) and 112.006 (regarding the county auditor's authority to determine whether a proposed expenditure is for a proper purpose) of the Local Government Code and make them applicable to the management of the funds of specialized local entities. Subsections (f) and (g) generally require the county auditor to determine whether a proposed expenditure of a specialized local entity is for a legal purpose to the same extent that the auditor is similarly responsible with respect to county finances. Subsections (f) and (g) generally permit but do not require the county auditor to prescribe accounting procedures for a specialized local entity.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by James B. Pinson
Assistant Attorney General